AMANDA ASHFORD, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

### Kansas City Court of Appeals, March 2, 1903.

Life Insurance: MISREPRESENTATIONS: STATUTORY CON-STRUCTION. Though misrepresentations are willfully false and made with the fraudulent purpose of securing a policy, and but for them defendant would not have issued the policy, yet if they are of matters which did not contribute to the death of the insured the policy is validated by the terms of section 7890, Revised Statutes 1899.

Appeal from Gentry Circuit Court.—*Hon. Gallatin Craig,* Judge.

AFFIRMED.

*E. H. Frisby* and *C. H. Goodman* for appellant.

(1) The second instruction given for the plaintiff is erroneous. The facts hypothecated therein do not constitute a marriage. Ashford v. Ins. Co., 80 Mo.

App. 638.   (2)   Plaintiff's fourth instruction is erroneous in that it casts the burden of proof as to the want of marriage on the defendant.   The continuance of a condition once shown to exist will be presumed until contrary is shown.   1 Greenleaf Evidence, sec. 74.   (3) The divorce being shown, and the plaintiff thereby becoming sole, the burden was on her to show a marriage after the decree.   1 Greenleaf Evidence, secs. 41, 42; Von De Veld v. Judy, 143 Mo. 348; Cargile v. Wood, 63 Mo. 501; Deil v. Stegner, 56 Mo. App. 535.   (4)   In Cargile v. Wood, 63 Mo. 501, it is expressly held that the burden of proof is on the parties asserting a common law marriage.   Greenleaf v. Barth, 6 Pet. 302; Railroad v. United States, 139 U. S. 560; Goodwin v. Goodwin, 85 N. W. 31; Nunez v. Bayler, 52 La. Am. 1719; Ins. Co. v. Johanson, 59 Neb. 349; Frame v. Camp, 67 Mo. App. 127; 1 Burr Jones Evidence, sec. 179.   (3) The court erred in refusing instruction No. 4 offered by defendant, for if plaintiff was not the wife of deceased then there could be no recovery.   The same observation applies to instruction No. 6 offered by defendant.

*J. C. Wilson, Peery & Lyons* and *J. L. McCullough* for respondent.

(1)   Plaintiff's instruction No. 2, is not erroneous. Cargile v. Wood, 63 Mo. 501; Dyer v. Brannock, 66 Mo. 391; State v. Gonce, 79 Mo. 600; Sneathen v. Sneathen, 104 Mo. 201; State v. Bittick, 103 Mo. 183; State v. Cooper, 103 Mo. 266; Crecelius v. Bierman, 68 Mo. App. 34; Dowling v. Allen, 102 Mo. 213, 221; Bealey v. Smith, 158 Mo. 515; Brummill v. Harris, 162 Mo. 403.   (2) The burden of proof is on the defendant, as to the alleged fraud or false warrants.   1 Beach on Ins. sections 423-425; Jefferson v. Life Ins. Co., 69 Mo. App. 126; Bunker v. Hilber, 49 Mo. App. 536.   (3)   Refusal of defendant's instructions was not error.   Ashford v. Ins. Co., 30 Mo. App. 638; VanCleave v. Ins. Co., 82

Mo. App. 668; Deane v. Life Ass'n, 86 Mo. App. 469;
Life Ins. Co. v. Patterson, 41 Ga. 338. (4) Declara-
tions of the assured were not admissible against the
plaintiff. 2 May on Ins. (3 Ed.), section 579a; Evers
v. Life Ass'n, 59 Mo. 429; Singleton v. Ins. Co., 66 Mo.
63; 3 Am. and Eng. Ency. of Law (2 Ed.), pp. 1018-
1019, et seq; McDermott v. Life Ass'n, 24 Mo. App. 75;
Grand Lodge v. Elsner, 26 Mo. App. 108; Reed v. Life
Ins. Co., 58 Mo. 421; 16 Am. and Eng. Ency. of Law
(2 Ed.), pp. 926, 968; 1 Greenleaf on Ev., sec. 101. (5)
The false representation relied upon, did not contribute
to the death of the assured.

ELLISON, J.—This action is based on a life insur-
ance policy. The judgment in the trial court was for
plaintiff. The case was before this court on a former
appeal wherein the judgment was reversed and a new
trial ordered. By reference to the report of the case
(80 Mo. App. 638) it will be seen that the deceased in
obtaining the policy represented that plaintiff was his
wife. That the defense was mainly based on the alle-
gation that she was not his wife and that he willfully,
falsely and fraudulently represented her to be for the
purpose of inducing defendant to issue the policy pay-
able to her upon his death. He also represented that he
did not have syphilis.

Whether plaintiff was the wife of deceased was a
disputed question at both trials, and the disease afore-
said was a prominent issue at the last one. Plaintiff
claimed to be the wife through a common-law marriage,
and there was put forward in her behalf at the first
trial the claim that even though she was not deceased's
wife and that he willfully and falsely represented her
to be for the fraudulent purpose and design of inducing
the defendant to issue the policy, yet since that matter
did not contribute to his death, then, under section 5849,
Revised Statutes 1889, now section 7890 in the revision
of 1899, providing that "no misrepresentation made in

obtaining a policy'' would avail as a defense unless the matter misrepresented ''actually contributed'' to his death, it was of no importance whether she was his wife or concubine. We reversed the former judgment for error in the trial of the question whether plaintiff was the wife of deceased, and we also decided that the statute aforesaid, properly construed, did not include within its terms a willfully false misrepresentation made to induce the issuance of the policy and which did induce it.

The last trial was in substantial accord with the opinion referred to. The question of whether there was a common-law marriage was duly and properly submitted by instructions. But whether it was or not can make no difference, for the following reason: The deceased represented that plaintiff was his wife and that he did not have syphilis or other disease of the blood.

It was submitted to the jury whether these representations were true; and whether, if false, they or either of them, actually contributed to the death of deceased. The jury necessarily believed the representations were true, or if untrue, that they did not contribute to his death. Under the rulings of the Supreme Court, those representations may have been willfully false and made with the fraudulent purpose of securing the policy from defendant, and but for which the defendant would not have issued the policy, yet if they were made of a matter which did not actually contribute to his death, the policy was validated by the terms of section 7890, Revised Statutes 1899. Schuermann v. Ins. Co., 165 Mo. 641; Kern v. Ins. Co., 167 Mo. 471. Those cases overrule the views expressed by us on that head in this case on the former appeal, as well as in the case of Van Cleave v. Ins. Co., 82 Mo. App. 681.

The judgment will be affirmed. All concur.