## MARYLAND CASUALTY CO. v. JOHNSON.
### No. 3260.

Court of Civil Appeals of Texas. El Paso.
Oct. 24, 1935.

Rehearing Denied Nov. 14, 1935.

Kemp, Nagle & Smith, of El Paso, and Silliman, Johnson & Crumpton, of Fort Stockton, for appellant.

R. H. Vogel, of Dallas, J. B. Cotten and F. H. Woodard, both of Crane, and W. C. Jackson, of Fort Stockton (Fred C. Knol-

lenberg, of El Paso, of counsel on appeal only), for appellee.

HIGGINS, Justice.

This is a workmen's compensation case. While acting in the course of his employment as an employee of the California Company, Johnson, on November 24, 1928, was accidentally gassed, in consequence of which he claims to have developed pulmonary tuberculosis. The action is based upon such injury. Claim for compensation was not presented to the Industrial Accident Board until January 27, 1934. It was found that Johnson was partially incapacitated by said injury from November 24, 1928; that his incapacity was not permanent; his partial disability continued for 300 weeks from November 24, 1928; that Johnson had good cause for not filing his claim within six months after his injury and had good cause for not filing his claim with the Industrial Accident Board before January 27, 1934.

Upon these and other findings not necessary to be stated, judgment was rendered in Johnson's favor for past-due compensation installments, with interest, amounting to $1,364.80.

Those propositions are sustained which assert appellant was entitled to an instructed verdict because of appellee's failure to file his claim with the Industrial Accident Board until more than five years after his injury and good cause not shown excusing the delay in filing such claim until January 27, 1934.

It is unnecessary to discuss the various theories upon which appellee seeks to sustain the findings in his favor excusing the delay in filing his claim with the board.

■ It is settled law that if claim for compensation be not filed with the Industrial Accident Board in the six-month period required by the statute (Vernon's Ann. Civ. St. art. 8307, § 4a), then the claimant must show good cause excusing the delay continuing until the claim is filed. Holloway v. Texas Indemnity Ins. Co. (Tex. Com. App.) 40 S.W.(2d) 75; Ocean Accident & Guarantee Corporation v. Pruitt (Tex. Com. App.) 58 S.W.(2d) 41; Petroleum Casualty Company v. Fulton (Tex. Civ. App.) 63 S.W.(2d) 1068, 1069; Durham v. Texas Indemnity Ins. Co. (Tex. Civ. App.) 60 S.W.(2d) 255; Texas Indemnity Ins. Co. v. Williamson (Tex. Civ. App.) 59 S.W.(2d) 232.

■■ Ordinarily the issue of good cause so existing is one of fact for the determination of the jury, but, like all other issues of fact, the evidence sometimes is insufficient to raise any issue and it becomes the duty of the court to so hold and charge accordingly. According to the plaintiff's own testimony, his injury was soon manifest. In the spring of 1931 he consulted a lawyer at Colorado City about his claim for compensation. About a year later he consulted another lawyer. There is nothing to excuse the delay subsequent to the times appellee consulted such attorneys.

In the state of the evidence appellee failed to show good cause excusing the delay until January 27, 1934. The peremptory instruction requested by appellant should have been given. New Amsterdam Cas. Co. v. Keller (Tex. Civ. App.) 62 S. W.(2d) 637; Texas E. I. Ass'n v. McGehee (Tex. Civ. App.) 75 S.W.(2d) 123.

Justice WALTHALL did not sit in this case.

Reversed and rendered.