## ERICKSON v. TEXAS EMPLOYERS' INS. ASS'N.

### No. 10282.

Court of Civil Appeals of Texas. Galveston.

April 1, 1937.

Rehearing Denied May 27, 1937.

See, also, 97 S.W.(2d) 721.

Samuel Schwartz, of Houston, for plaintiff in error.

Sewell, Taylor, Morris & Garwood, of Houston, for defendant in error.

GRAVES, Justice.

This appeal is from a judgment below dismissing plaintiff in error's suit; in his brief he thus, in part, recites the procedural circumstances in which that order was entered:

"Plaintiff, E. W. Erickson, filed this suit against defendant, Texas Employers' Insurance Association in the district court of Harris County, Texas, on the 15th day of March, 1933, to set aside, rescind, vacate cancel, and hold for naught a certain compromise settlement agreement obtained from plaintiff by defendant, with the approval of the Industrial Accident Board of Texas, on or about the 13th day of November, 1933, whereby the claim of plaintiff, which arose under the provisions of the Workmen's Compensation Law (Vernon's Ann.Civ.St. art. 8306 et seq.) was attempted to be compromised and settled, and prayed to recover the compensation due him, and in the alternative for such relief as would enable him to have his claim for additional compensation due him determined by the Industrial Accident Board, and for general relief.

"The case went to trial in the court below upon plaintiff's first amended original petition; defendant's first amended original answer, and plaintiff's first supplemental petition. The aforesaid pleadings will disclose the material facts alleged by plaintiff and the issues joined by the pleadings. The case was tried with the aid of a jury. It was agreed that all demurrers should be taken with the case. At the conclusion of all the evidence, both parties having rested, the defendant moved the court to instruct the jury to return its verdict against plaintiff and in favor of defendant, basing such motion on the ground, among others, that plaintiff had failed to allege or prove the facts necessary to give the district court jurisdiction. The court on May 23, 1934, after hearing the arguments of counsel upon the motion, overruled defendant's motion for an instructed verdict; whereupon, the defendant demurred to the evidence offered by plaintiff and moved the court to enter judgment in its favor, which was overruled by the court; but it sustained the defendant's general demurrer to plaintiff's petition, and overruled the plaintiff's general demurrer to the defendant's answer, and denied plaintiff leave to file the trial amendment shown in the record; but gave plaintiff leave to file an amended original petition not later than 12 o'clock noon June 6, 1934. Thereafter, on the 6th day of June, 1934, upon motion of defendant, the court rendered its final judgment dismissing plaintiff's suit because of the failure and refusal of plaintiff to file the amended petition, as ordered by the court on May 23, 1934; to which action of the court plaintiff then and there in open court duly excepted and gave notice of appeal."

Conceding the quoted statement to be substantially correct, the defendant in error's brief contains this addendum to it:

"We summarize the following material dates and facts appearing in plaintiff's petition:

"1. April 17, 1930, plaintiff was injured.

"2. August 14, 1930, plaintiff returned to work, for light duty.

"3. November 13, 1930, more than six months after injury, plaintiff made a compromise settlement of his claim.

"November 26, 1930, $600.00 was paid plaintiff, in addition to sixteen weeks compensation theretofore paid, and on that date a complete release was executed.

"4. November 16, 1931, about a year after returning to work, plaintiff discontinued further work for his employer, because a certain job he was performing caused pain in his neck, back, and head.

"5. 'Within a reasonable time' (Feb. 18, 1933) after plaintiff discovered fraud, mistake, or his mental incapacity to give a

release, he made demand upon the defendant for additional compensation, which was refused, and also made application to the Industrial Accident Board to have the settlement agreement set aside, claiming further and additional compensation.

"6. March 15, 1933, about three years after the injury, two and one-half years after the settlement, and one and one-half years after plaintiff quit work, he filed this suit.

"7. May 8, 1934, this cause proceeded to trial, and all demurrers were taken with the case.

"8. May 23, 1934, plaintiff's evidence was concluded, and a general demurrer to his petition was sustained, and he was given leave to amend on or before June 6, 1934.

"9. June 6, 1934, plaintiff declined and refused to amend, and defendant's demurrers were sustained, and his case was dismissed.

"10. December 4, 1934, almost six months later, plaintiff filed a petition for writ of error.

"11. November 10, 1936, almost two years after filing his petition for writ of error, plaintiff secured service of citation on the defendant in error.

"The principal reason the trial court· sustained defendant's general demurrer to the plaintiff's petition was the fact that plaintiff did not allege anywhere in his petition that he made a claim for compensation with respect to his injury within six months after the occurrence of same, nor did he allege any physical or mental incapacity preventing the making of a claim, nor did he allege that he had a meritorious case in which for good cause the court should waive the limitations as to the time for filing a claim for compensation before the Industrial Accident Board.

"The trial court concluded that, in the absence of a showing that plaintiff could recover further compensation if the release should be set aside, his petition failed to show any injury by the settlement, and plaintiff having refused to amend his petition as directed by the court, the case was properly dismissed."

The boiled-down substance of the amended petition the demurrers were thus sustained to was this: That plaintiff had been injured April 17, 1930; that he was paid compensation by the defendant for about sixteen weeks; that on November 13, 1930, more than seven months after his injury, he made a compromise settlement with the insurance company for $600, in addition to the weekly payments theretofore made to him; that that settlement was approved by the Industrial Accident Board November 22, 1930, and he executed a complete release of his claim November 26, 1930; that he returned to work for his employer on August 14, 1930, for light duty, and continued to work until November 16, 1931, more than a year after he returned to work. .

But there was no allegation that he made or filed with the Industrial Accident Board any claim for compensation within six months after his injury, nor that he was mentally incapacitated to such an extent that he could not make a claim, nor that he had a meritorious case showing good cause for his failure to make a claim.

■ On appeal, one of his earnestly urged positions seems to be that—although he had agreed to this heeling of the demurrers to his own pleadings, to be thereafter decided—the trial court's ad interim overruling of the defendant in error's motion for an instructed verdict in its favor, as well as the demurrer to the evidence he had so provisionally been permitted to introduce, "requires a conclusive presumption, in the absence of a contrary showing, that the evidence was legally sufficient to carry the cause to the jury on the issues— all or either—joined in the pleadings"; obviously this contention is unsound, since it was the plain province of the court— notwithstanding these rulings in the meantime on evidence that had only been permitted tentatively anyway—to finally decide the cause on the general demurrer to the plaintiff in error's pleadings alone.

■ So that the correctness of the judgment depends alone on whether or not his amended petition, to which the general demurrer was sustained, stated a good cause of action; in the opinion of this court, there was no error in that ruling; the material substance of the pleading has already been herein given and need not be repeated, but it wholly failed to state facts essential to a good cause of action for compensation under the law, as recited supra, in that it failed to allege that any claim for compensation had ever been filed with the accident board within six

months after the happening of the claimed injury, or any facts even tending to show that the plaintiff in error had a meritorious cause of action for such benefits, together with good reason for not having filed his claim therefor either within the six months' prescribed time, or at least prior to the belated time when it finally was filed; since it was obviously lacking in these structural prerequisites, the averment to the effect that the compromise settlement had been obtained "by fraud, mutual mistake, or mental incapacity", did not—under these authorities—fill up the hiatus. 3 Black on Rescission and Cancellation (2d Ed. 1929) § 567; Russell v. Industrial Transp. Co., 114 Tex. 441, 251 S.W. 1034, 258 S.W. 462, 51 A.L.R. 1; Dowlin v. Boyd (Tex.Com. App.) 291 S.W. 1095; Hoeldtke v. Horstman, 61 Tex.Civ.App. 148, 128 S.W. 642, affirmed Hill v. Hoeldtke, 104 Tex. 594, 142 S.W. 871, 40 L.R.A.(N.S.) 672; Baden v. Deragowski (Tex.Civ.App.) 7 S.W.(2d) 123 (writ of error refused); Schuermann v. Union Central Life Ins Co., 165 Mo. 641, 65 S.W. 723; article 8307, § 4a, R. S. of Tex.; Maryland Casualty Co. v. Johnson (Tex.Civ.App.) 87 S.W.(2d) 342 (writ of error refused); Ocean Accident & Guarantee Corporation v. Pruitt, (Tex. Com.App.) 58 S.W.(2d) 41; Texas Employers' Ins. Ass'n v. Whiteside (Tex.Civ. App.) 77 S.W.(2d) 767; Texas Employers' Ins. Ass'n v. Palmer (Tex.Civ.App.) 66 S.W.(2d) 454; Texas Employers' Ins. Ass'n v. Schoeppel (Tex.Civ.App.) 10 S.W.(2d) 405.

While, under the undisputed facts stated supra, he could not have so amended as to aver that he had in fact filed his claim with the accident board within the required six months, yet, if he otherwise had had a meritorious claim for the additional compensation—along with a good cause for not sooner presenting it—there was nothing whatever to prevent his complying with the trial court's order by June 6 of 1934; but, persistently declining to do that, he "simply alleged that 'within a reasonable time after discovering the impositions practiced upon him by the defendant, as herein alleged,' he filed his claim with the Industrial Accident Board. He made no allegation as to the use of reasonable diligence to discover the purported impositions, which itself would seem to have been an essential allegation, if the 'fraud' was to be relied on as constituting good cause. Durham v. Texas Indemnity Ins. Co. (Tex.Civ.App.) 60 S.W.(2d) 255 (writ of error dismissed). Moreover, the allegation as to 'reasonable time' is a mere conclusion of the pleader, unsupported by averments of fact, and insufficient as against defendant's general demurrer. Bluitt v. Pearson, 117 Tex. 467, 7 S.W.(2d) 524. But again, assuming the time to have been 'reasonable' the plaintiff did not meet his burden of showing good cause continuing down to the time of filing his claim. There is no provision that the claimant shall have a 'reasonable time' after the elapse of the statutory-period, or a 'reasonable time' after the termination of good cause, in which to file his claim.

"The cause of American Indemnity Co. v. Boatner, 86 S.W.(2d) 239, recently decided by this court, in which writ of error has been dismissed, is directly in point in support of the position that plaintiff in error has failed to allege a cause of action under the Workmen's Compensation Act. See, also, Indemnity Ins. Co. of North America v. Williams (Tex.Com.App.) 99 S.W.(2d) 905."

It follows from these conclusions that the judgment of the learned trial court should be affirmed; it will be so ordered.

Affirmed.