## D. R. BASS V. D. B. JAMES.

### No. 3399.

1. **Appeal Bond in Justice Court.** — Judgment in Justice Court January 26, 1891. Appeal bond was dated January 29, 1891. It is indorsed filed by the justice February 4, 1891. The approval bears date January 4, 1891. *Held*, the date of approval is evidently a clerical error, and affords no ground for dismissal of the appeal to the District Court.

2. **Limitation.**—Suit for deficiency in number of acres of land sold to plaintiff by the defendant, the acreage having been falsely given by the vendor at the sale in excess of the quantity in the tract. *Held*, that limitation ran from date of sale, and two years would bar the action.

3. **Excuse for Not Suing.**—That the vendee had confidence in the truthfulness and integrity of the vendor will not excuse the vendee in failing to have his land surveyed, and thus detecting the deficit in the acreage below that sold him.

APPEAL from Camp. Tried below before Hon. JOHN L. SHEPPARD. The opinion states the case.

*E. A. King*, for appellant.—The statute of two years limitation does not apply, because this suit was brought within two years of the discovery of the fraud or mistake. 24 Texas, 345; 16 Texas, 21; 18 Texas, 782; 26 Texas, 475; 27 Texas, 350; 34 Texas, 554; 45 Texas, 11, 18; 50 Texas, 120, 630; 51 Texas, 1, 635; 58 Texas, 11; 59 Texas, 150.

As to whether the cause of action accrued from the date of discovery: 16 Texas, 24; 61 Texas, 45, 375; 73 Texas, 451; 75 Texas, 114.

Fraud and concealment of the cause of action stops the running of the statute: 29 Texas, 348; 27 Texas, 14; 26 Texas, 486; 29 Texas, 354; 45 Texas, 11; 51 Texas, 1; 58 Texas, 11; 59 Texas, 164; 61 Texas, 455.

*Morris & Crow* and *W. R. Heath*, for appellee.—Undiscovered fraud will prevent the running of the statute of limitations until discovered, or by the use of reasonable diligence might have been discovered; and a failure to resort to a survey to discover a deficit in land conveyed, in the absence of any other cause for the omission, can but be attributed to the party's own negligence. Smith v. Fly, 24 Texas, 345.

FISHER, JUDGE, *Section B.*—November 14, 1890, appellant sued appellee in the Justice Court for the sum of $126.90, the alleged value of 14$\frac{1}{10}$ acres of land. Appellant's cause of action flows from what he terms a "deficit" in the quantity of land sold by appellee to appellant. Apellee for answer filed a general denial and plea of two years limitation. In Justice Court judgment was rendered in favor of appellant against appellee for the sum of $98.70. The case was appealed by appellee to the District Court, where judgment was rendered in favor of appellee. It appears that appellee by deed with general covenants

of warranty sold a certain tract of land to appellant. This was in October, 1887. At the time of sale appellee represented to appellant that the tract of land contained 135 acres. Appellant relied upon the truth of these representations, and was thereby induced to purchase the land. It was subsequently discovered by appellant that these representations were false, in that the tract of land only contained about 121 acres. This discovery was made in October, 1890. This in substance is the findings of fact by the court below. On these facts the court concluded as matter of law that appellant's cause of action was barred by the two years statute of limitation.

A motion was filed in the court below, asking that the appeal from the Justice Court be dismissed, because of defective appeal bond. The record does not show that this motion was called to the attention of the court below and was passed upon there. Further, we do not think the objections to the appeal bond raised in the motion tenable. The grounds of the motion are, that the justice of the peace approved the appeal bond January 4, 1891, when it appears that the case was tried January 26, 1891. The appeal bond is dated January 29, 1891, and is indorsed by the justice of the peace, filed February 4, 1891. It is apparent from this that dating the approval January 4 is clearly a mistake and clerical error, which is corrected by the date of the judgment and the date of the bond and indorsements thereon. The finding of the court that appellant was barred in his remedy is the question in the case. This is not an action upon the covenants of warranty for the value of the land lost; but is one of deceit growing out of the false representations as to the quantity of land contained in the tract sold. Hence the statute that creates the law in two years applies.

It is contended by appellant that this suit being brought less than two years from the time he actually discovered the representations of appellee were false and fraudulent, is in time, as limitation commences to run from such discovery. The law is, that limitation will begin to run in cases of fraud from the time when by the use of reasonable diligence it could have been discovered. Alston v. Richardson, 51 Texas, 6; Kuhlman v. Baker, 50 Texas, 636; Smith v. Fly, 24 Texas, 350.

Appellant relies upon his former confidence in the integrity and veracity of appellee as an excuse in failing to resort to the usual methods to ascertain the quantity of land he was buying. He says he had no reason to doubt that such representations as to quantity were true, and he only ascertained that they were false when he had a survey made in October, 1890, in order to ascertain the extent of the right of way of the St. Louis, Arkansas & Texas Railway. More than three years elapsed from the time of making the representations in October, 1887, to the filing of the suit in November, 1890. It does not appear from the evidence that during this interval appellee made any representa-

tions or did anything that was calculated to keep alive the effect produced by the representations made when he sold the land, or that was calculated to induce appellant not to use reasonable diligence to discover and ascertain the quantity of land contained in the calls of his deed.    As said by the court in Kuhlman v. Baker, 50 Texas, 636: "If the alleged fraud constituted a sufficient reason why appellant did not at the time the sale was made discover that the quantity was not as represented, his subsequent failure to inform himself of such an important matter as the quantity of land contained in the tract purchased was attributable to his neglect and want of ordinary precaution.    It does not appear that after the sale any intervening representations were made by appellee as to the quantity of land that would induce appellant to relax the diligence required of him as an ordinary prudent man to ascertain the quantity of land he actually purchased."    If the existence of confidence in the integrity and veracity of the vendor is a sufficient excuse to relieve the vendee from the use of ordinary diligence to discover so important a matter as the quantity of land sold, then this excuse would be effective so long as the confidence continued, and limitation would commence to run not from the time that the quantity of land could have been discovered by the exercise of ordinary diligence, but from the time the confidence ceased to exist.    We do not believe it is the policy of the law that this operation of the statute should depend upon such an uncertain contingency, the happening of which is dependent upon a "chapter of accidents."    The presumption is, that if the party affected by the fraudulent transaction might with ordinary care have seasonably detected it, he seasonably had actual knowledge of it.

If three years after the transaction the appellant by methods then used successfully detected the fraud, we see no reason why a resort to such methods before then could not have accomplished the same purpose.    We think the court rightfully held the action barred.

We report the case for affirmance.

*Affirmed.*