## SOWELL et al. v. HOFFMAN et al.* (No. 906.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 19, 1916. Rehearing Denied Feb. 16, 1916.)

1. LIMITATION OF ACTIONS ⬡100—FRAUD—DISCOVERY.

In case of fraud the cause of action accrues when the fraud was, or by the use of reasonable diligence might have been, discovered, and the limitation begins then, and the right of relief is barred when the statutory period, reckoned therefrom, has expired; and where it appears the defrauded party has the means to readily discover the fraud, which ought to have been used by person of ordinary care and prudence in the transaction of his business, he will be held to have had notice of everything which a proper use of such means would have disclosed.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 323, 480–493; Dec. Dig. ⬡100.]

2. LIMITATION OF ACTIONS ⬡100 — DILIGENCE IN DISCOVERING FRAUD — QUESTION OF LAW.

Plaintiff, who was living on the land when he purchased it, afterwards fencing the entire tract, joining fences with adjoining neighbors, and erecting his barn on what he claimed would be a street if the land had been platted as represented, in view of the reference in his deed to a plat of the addition in which the block was situated for a description, the fact that the deed showed the land to be acreage property and did not convey it as lots, his failure to examine

his deed or to know its contents for some time after it was delivered to him, the plat showing that the land had not been platted into lots and that there was no such street west of it, and his receipt of the deed more than three years and six months before filing his suit for damages for false representations inducing his purchase of the land, in that it was platted into lots, each with a frontage, etc., was as a matter of law wanting in reasonable diligence, so that his cause of action accrued when he received his deed, and limitation was to be computed from that time, and he was precluded from relying on the exceptions suspending the running of the statute.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 323, 480–493; Dec. Dig. ⊂⇒100.]

3. LIMITATION OF ACTIONS ⊂⇒21—ACTION FOR FRAUD—STATUTE APPLICABLE.

In such case, the cause of action, not founded on a written contract, but based on oral representations made to induce the purchase, was an action of deceit based on such representations, to which the four-year statute of limitations did not apply, but it was governed by the two-year statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 90–99; Dec. Dig. ⊂⇒ 21.]

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Suit by L. D. Sowell and others against C. C. Hoffman and others, with cross-petition by defendants. Judgment for defendants, and plaintiffs appeal. Affirmed.

R. A. Baldwin, of Slaton, and W. F. Schenck, of Lubbock, for appellants. Benson & Spencer, of Lubbock, for appellees.

HUFF, C. J. On January 23, 1915, appellants instituted suit for damages against appellees, alleged to have been occasioned by fraudulent representations inducing appellants to purchase a certain parcel of land; that appellees offered to sell to appellants a number of town lots in the south addition to the town of Slaton, "representing to plaintiffs that said lots which he wished to sell were located in block No. 85 in said addition to said town, that he had already sold 7 lots located in said block and that there were 21 lots remaining unsold in said block, and that, if plaintiff would purchase all of said 21 lots, defendants would sell same at a very reasonable price; * * * that said lots, which he wished to sell them, were in three rows, with 7 lots to the row, each lot being 50 feet wide, 140 feet in length, with a good well and windmill and two tanks located on said lots; that each and all of said lots in said block 85 face upon the public street, with an alley 20 feet in width at the rear of said lots, and that all were duly platted, laid out, and dedicated to the use of the public," etc.; that appellants relied upon these representations and purchased the land; that the representations were false, in that the land was not so platted; that the appellees executed a deed and caused it to be placed of record; and that appellants did

not see the deed until about four months after its execution. The deed is alleged to have been executed the 4th day of December, 1911.

Appellees answered by general and special exceptions, and denied the several matters set up by appellants specifically, and specially excepted to the petition because it showed on its face that the alleged cause of action was barred by the two-year statute of limitation; and they also pleaded the two-year statute of limitation as a bar to the cause of action set up. Appellees also by cross-petition sought to recover on certain vendor's lien notes given as part of the consideration for the land and to foreclose the vendor's lien. There is no plea made by appellants of failure of consideration for said notes sued upon.

Upon a trial before a jury, the trial court instructed a verdict for the appellees.

The deed executed by appellees to appellants describes the land as follows:

"All that certain tract or parcel of land in Lubbock county, Texas, being the west seven-ninths (7/9) of block eighty-five (85), according to the originally recorded plat of South Slaton addition to the town of Slaton, in Lubbock county, Texas, now on file in the county clerk's office of said county and state."

This deed is dated December 4, 1911, and recites a consideration of $850 paid down and 40 vendor's liens notes, payable the 4th day of each and every month, consecutively, with interest at 10 per cent. from date; interest payable on all of said notes unpaid each month. Seventeen of these notes were paid, with interest as stipulated on the remaining notes. Foreclosure was sought on the remaining 23 notes, which was granted by the trial court. The plat referred to by the deed was recorded in the county clerk's office and was introduced in evidence. It shows that block 85 was not platted into lots, with the alley as represented; that on the west there was no street, as represented by appellees, but blocks 91 and 85 join each other, without any street between them; and that on the north of 85 there is no street between block 85 and block 84, north of the block sold, but that the two blocks join, without any intervening street. There were no platted lots 50 by 140 feet, as represented, shown by that plat.

Appellant testified substantially to the representations made by appellees, as pleaded by him; that he did not get his deed until about four months after its date; that he did not examine it when he received it, and did not learn the true condition of the block until about February, 1914. He fenced the land purchased, without reference to the streets, and placed his barn where he claims the street was represented to be. He had lived on the land some time before the negotiation and purchase of the same. There is no allegation or proof of concealment of the fraud by the appellees, further

than a failure to deliver the deed for four months after its execution. This suit for damages was instituted and filed January 23, 1915.

The trial court instructed a verdict against the appellants, doubtless on the ground that his cause of action was barred by the two-year statute of limitation. The briefs of the parties hereto only present that question for consideration.

[1] In cases of fraud the cause of action will be deemed to have accrued when the fraud was, or by the use of reasonable diligence could have been, discovered, and limitation is put in motion from such date; and the right of relief will be barred when the statutory period, reckoned from that time, has expired. Boren v. Boren, 38 Tex. Civ. App. 139, 85 S. W. 48; Standford v. Finks, 45 Tex. Civ. App. 30, 99 S. W. 449; Bass v. James, 83 Tex. 110, 18 S. W. 336. If from the allegations, or the evidence, it appears that appellant had the means at hand to readily discover the fraud complained of, and that such means would have been used by a person of ordinary care and prudence, in the transaction of his own business, he will be held to have had notice of everything which proper use of such means would have disclosed.

[2, 3] The appellant was living on the land when he traded for it. He afterwards fenced the entire piece of ground, joining fences with adjoining owners, and his barn was erected on what he claims would be the street, if the land had been platted into lots. The deed referred to the plat of the addition in which the block was situated for description, and the land is shown by the deed to be acreage property, and was not conveyed by the deeds as lots. The deed was turned over to the appellant, and he says he never examined it and did not know its contents for some time after it was delivered to him. The plat referred to by the deed was duly recorded and was introduced in evidence in this case. It shows that block 85 is simply a block of ground, and not to have been platted into lots; and it further shows that there was no street north of it, between it and block 84, or west, between it and block 91. It occurs to us that a man with ordinary prudence would, upon receiving the deed, have read the same, and would have seen that it purported to convey acreage property, and that the plat was part of the description of the land so conveyed. The plat to the addition of the town was of record, and any sort of diligence would have disclosed there was no street on the west and on the north, and there was no alley platted through it, and no lots designated in the block.

It is not contended that the appellant could not read or understand the description given in the deed. If the appellant accepted the statement that it was platted,

as alleged, after having lived on the land before he purchased it, in placing his fence on the line and building his barn, he would not have placed them in the streets, which he contended were represented to him as streets, if he had been acting as a reasonably prudent man would have done. He must have known the situation of the block long before the time claimed by him. If he did not, he should have known that it was not platted, by any sort of diligence.

He received his deed more than three years and six months before filing his suit for damages. His cause of action then, in our judgment, accrued and limitation should be computed from that time. These undisputed facts made the question of reasonable diligence a question of law for the court. We do not think there was any issue of fact on the question of the statute of limitations to be submitted to the jury. In this case, the deed, the recorded plat, the adjoining blocks, and the appellant's residence on the land he bought at the time he did buy, abundantly furnished him with notice that the representations were false, and will preclude the appellant from relying on the exceptions suspending the running of the statute. Rowe v. Horton, 65 Tex. 89; Powell v. March, 169 S. W. 936; Mounger v. Daugherty, 138 S. W. 1070; Smith v. Talbot, 18 Tex. 774; Cleveland v. Carr, 40 S. W. 406; Presnall v. McLeary, 50 S. W. 1066.

We do not think the four-year statute applies in this case. The cause of action is not founded on a written contract, but is based on oral representations made to induce the trade, and is therefore an action of deceit, based on such representations. We think this cause is controlled by the two-year statute. Bass v. James, 83 Tex. 110, 18 S. W. 336; Gordon v. Rhodes, 102 Tex. 300, 116 S. W. 40; Bostic v. Heard, 164 S. W. 34.

We find no reversible error. The judgment of the trial court is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes