**FIRST STATE BANK OF BANGS et al. v. VISART. (No. 6688.)**

(Court of Civil Appeals of Texas. Feb. 6, 1924. Rehearing Denied March 19, 1924.)

1. **Limitation of actions ⊛➝100(1)—Fraud, until discovered, prevents running of statute.**

Fraud will only prevent the running of limitation until the fraud is discovered, or until, by the use of reasonable diligence, it might have been discovered.

2. **Limitation of actions ⊛➝28(1), 100(11)—Action against bank for money alleged to have been collected barred by two-year limitation.**

Where by using reasonable diligence plaintiff could have discovered in 1914 the falsity of assurances relied on and by the discovery of which whatever cause of action she had for bank's alleged failure to credit her with money collected would have become known to her, her action brought in 1922 against bank was barred by two-year limitation.

3. **Appeal and error ⊛➝1175(6)—Jury's finding on issue of limitation authorized appellate court to render judgment.**

In action for money alleged to have been collected by a bank but not placed to plaintiff's credit, where the question of limitation was crucial, jury's finding on such issue, being supported by evidence, authorizes the Court of Civil Appeals to reverse judgment for plaintiff and render judgment for defendant.

Appeal from Brown County Court; R. E. Lee, Judge.

Action by Mrs. J. D. Visart against the First State Bank of Bangs, in which H. P. Rutherford and another were impleaded. Judgment for plaintiff against defendants and for defendant named over against defendants impleaded, and defendants appeal. Reversed and rendered.

Harrison & Cavin, of Brownwood, for appellants.

H. O. Peyton and Wilkinson & McGaugh, all of Brownwood, for appellee.

BAUGH, J. Mrs. J. D. Visart sued the First State Bank of Bangs, on June 19, 1922, for $650, alleging that said bank had collected on November 5, 1914, from the I. O. O. F. Lodge, at Bangs, Tex., a note for that amount, due her by said Lodge, placed with said bank for collection, and that it had failed to give credit for such collection. She demanded payment by drawing a check, dated May 6, 1922, on said bank, for $650, payment of which was refused. Whereupon she brought this suit.

The bank answered by general denial and special pleas, alleging that its cashier, H. P. Rutherford, acting in his individual capacity and gratuitously, had for a number of years been lending Mrs. Visart's money for her to various parties, taking their notes, collecting them, etc.; that if the note above mentioned had been collected it was by H. P. Rutherford, individually; and that if the money had been lost or misappropriated it was through his fault and negligence, and not that of the bank. The bank impleaded H. P. Rutherford and J. L. Rutherford, a surety on his bond, and asked that if judgment be rendered against it that it have judgment over against the Rutherfords for a like amount. The bank and the Rutherfords then joined in a plea of the statute of limitation of two years to plaintiff's cause of action. Plaintiff, by supplemental petition, alleged that said bank, acting through H. P. Rutherford, as cashier and manager, had from about November 15, 1914, to about April 1, 1922, continuously represented to her that it had loaned said $650 to J. K. McMurray, had taken his note therefor, and that same was secured by vendor's lien notes deposited in the bank; that she believed and relied upon such assurances and did not know they were untrue until about April 1, 1922.

The case was submitted to a jury on special issues. The jury found that the bank collected the money sued for; that it never placed same to the plaintiff's credit in said bank; that Mrs. Visart had never been paid any part of the $650 so collected by said bank. At the request of the defendants, the following special issue was submitted to the jury:

"Could the plaintiff, by the use of reasonable diligence, have discovered that the $650 involved in this case had not been loaned to McMurray more than two years before she instituted this suit?" To which the jury answered: "Yes."

Both sides asked for judgment based on these findings. The trial court rendered judgment for plaintiff against the bank for the amount sued for, and for the bank over against the Rutherfords for a like amount.

Appellants assert error of the trial court under six propositions of law. The first two relate to the issue of limitation of two years pleaded by defendants. In our opinion, this issue and the jury's finding thereon conclusively dispose of the case, and it is not necessary to consider the other assignments. According to the jury's findings, the $650 note was paid the bank. The stamp on the note showed the date to be November 5, 1914. It is not controverted that such payment was never credited to Mrs. Visart's account. It is admitted that McMurray never borrowed her money from any one. The bank never admitted to Mrs. Visart nor to any one else, so far as the testimony shows, that it had ever received the money. On the contrary, its statements mailed or delivered to Mrs. Visart at numerous times subsequent to said November 5, 1914, showing the condition of her account, showed that no such deposit

had been made. Her own testimony on this point was as follows:

"This $650 was not deposited to my account. I thought it was loaned to McMurray. That was what I was told. I knew in 1914 the money was not in my account."

So whether the bank or Rutherford converted or misappropriated this money, it occurred in November, 1914. Had she known that McMurray did not have her money, then according to her own testimony she would have known either that the I. O. O. F. Lodge had not paid its note to her, or, if it had, that the bank or Rutherford had converted or misappropriated it, and her cause of action against the guilty party would have then arisen. She admits that she did not ascertain the true facts until nearly eight years thereafter, but pleads as the cause of her delay the fraud and misrepresentations of the bank, acting through Rutherford, its cashier.

[1] The rule is well settled in this state that fraud will only prevent the running of the statute of limitation until the fraud is discovered, or until, by the use of reasonable diligence, it might have been discovered. Kuhlman v. Baker, 50 Tex. 636; Cooper Adm. v. Lee, 75 Tex. 122, 12 S. W. 483; Bass v. James, 83 Tex. 111, 18 S. W. 336; Dean v. Dean (Tex. Civ. App.) 214 S. W. 509; Williams v. Ball (Tex. Civ. App.) 246 S. W. 423.

[2] The jury having found that by using reasonable diligence she could have discovered the falsity of the very assurances she says she relied upon, and by the discovery of which whatever cause of action she had against the bank then would or should have become known to her, we think their finding brought this case within the rule laid down, and that the trial court should have rendered judgment for the defendants on their plea of limitation.

But appellee insists that where a relation of trust or confidence exists between the parties, or when one is lulled into a feeling of security by the representations of those in whom she places especial confidence, no active diligence is incumbent upon the latter to discover the fraud; and that consequently, under the circumstances, Mrs. Visart was not guilty of neglect in trusting Rutherford's assurances for so long and not investigating for herself. The relationship of the parties, however, does not change the rule. It may, and often will, change its application. As said by Judge Stayton, in Ry. Co. v. Gay, 86 Tex. 571, 26 S. W. 599, 25 L. R. A. 52:

"The limitation on this rule is, that a plaintiff cannot excuse his delay in instituting suit on the ground of fraudulent concealment of his cause of action, if his failure to discover it is attributable to his own neglect; and whether such neglect existed in a given case must be determined from the facts of that case."

The conduct of an ignorant person, unable to read and write, with limited business experience and living in a rural community, in attending to commercial matters, might be reasonable diligence for him; when the same conduct or delay on the part of a banker or active business man of extensive experience in a city might be negligence. Those are matters for the jury to consider in arriving at what constitutes reasonable diligence in a particular case. The jury had before them all the facts as to plaintiff's relationship with Rutherford and the bank and her confidence in them, in considering the issue of her diligence in discovering the fraud, and decided it against her. Nor were Rutherford's statements that McMurray had borrowed the money, and that a note executed by him and secured by vendor's lien notes was amongst her papers in the bank, such information or representations by Rutherford on which she had a peculiar right to rely. She could have discovered the truth or falsity of such statements with but little effort on her part. McMurray evidently lived in the community, as she testified that she asked the "neighbors" about him. She found him readily in 1922, the first time she tried. She was repeatedly at the bank during the six years between 1914 and 1920, in which she admits that she did not ask for this note, demand interest, nor seek a renewal. She could have, at any time, by looking through her papers there in the bank and at her disposal, have ascertained whether Rutherford's statements about the note were true or false. Yet, with all these opportunities readily available to her to learn the truth, she let eight years pass before she discovered the real facts which were close at hand. The facts were such, we think, that they should have aroused her suspicion that something was wrong long before she was aroused, and an investigation would readily have disclosed the fraud.

Appellee insists that her discovery that McMurray did not have her money and had not executed a note is immaterial on the question of limitation; that the bank having collected her money from the I. O. O. F., in November, 1914, the relation of debtor and creditor as between her and the bank was then created; that if Rutherford then embezzled the money, he embezzled the bank's money and not hers; and that limitation against her in favor of the bank did not begin to run until she had demanded payment of the bank, on May 6, 1922. If Mrs. Visart had deposited this money there herself, or if the bank had admitted it received this money belonging to her, that position might be tenable. But in the instant case the bank never admitted that it had ever received Mrs. Visart's money at any time, but has continuously denied that it was indebted to her. It is not disputed that if she had demanded payment by the

bank in 1914, 1915, or 1916 of this $650, the bank would, as shown by its books in evidence, have declined payment just as it did in 1922. Appellee, in her pleadings, recognizes that the issue of limitation in the case inures to the benefit of the bank, if to anybody. Though the Rutherfords had been impleaded and answered, appellee sought to charge to the bank, not to Rutherford, the misrepresentations and fraud upon which she relied to excuse her delay in making any effort to learn the truth. Thus she treated the bank as having denied from the beginning any cause of action against it.

[3] Thus it clearly appears, we think, that the question of limitation was the crucial issue in the case. That issue having been found against her by the jury, which finding is supported by the evidence, this court has no alternative but to reverse and render the case. It is unfortunate that appellee must lose her money, but her delay for eight years to act, when she should have sought to protect her rights sooner, constituted in the minds of the jury such lack of reasonable diligence as to bar a recovery against the bank. The case will therefore be reversed, and judgment here rendered in favor of appellants.

Reversed and rendered.