## DURHAM v. TEXAS INDEMNITY INS. CO.
### No. 3994.

Court of Civil Appeals of Texas. Amarillo.
March 29, 1933.

Rehearing Denied May 17, 1933.

K. H. Dally and G. C. Harney, both of Borger, for plaintiff in error.

W. P. Z. German, Alvin F. Molony, and Robert M. Turpin, all of Tulsa, Okl., and Underwood, Johnson, Dooley & Huff, of Amarillo, for defendant in error.

MARTIN, Justice.

Parties to this appeal will be designated as in the trial court.

On October 30, 1929, plaintiff, while working as an employee, received an accidental injury. No claim for compensation was filed by him with the Industrial Accident Board until the 14th day of September, 1931. As an excuse for failure to file same within the statutory period of six months he alleged representations made by physicians in the employment of defendant to the effect that he would not suffer any permanent injury from such accident, but that his trouble would soon clear up. Accompanying allegations were sufficient on their face to show such statements to have been fraudulent.

The evidence, briefly, is that such statements were, in fact, made as alleged soon after the injury; that plaintiff was released from the care of said physicians in January, 1930; that his trouble did not thereafter clear up, but he continued in bad physical condition and soon after sought and obtained the advice and services of his family physician, Dr. O. York, about January, 1930, who told him, in substance, that he could not tell when his trouble would clear up or whether or not his injuries were permanent, and for him to remain under the care of physicians. He did continue as a patient of Dr. York. He testified, in part:

"Q. At the time you were talking to Dr. McKean, and he estimated to you that it would be about six weeks before you would be all right again you, at that time, weren't able to work, were you? A. No, sir.

"Q. Now, then, at the end of the six weeks from the time he was talking to you, or in other words, at the time he claimed you were all right again, you were not all right, were you? A. No, sir.

"Q. And at the end of that six weeks you knew you were not all right? A. Yes, sir.

"Q. You could tell that you had not gotten any better in that six weeks? A. Yes, sir.

"Q. Now, then you say that from the time you got hurt on down to this present time you have not been able to work? A. Yes, sir.

"Q. And you have known all the time since your injury, the two or three or four months that Doctor McKean was treating you, and all the months since then that you have known all the time that you were not able to work? A. Yes, sir.

"Q. Now you say that you just haven't improved at all at any time from the time you were first hurt, that is true? A. Not of my injuries, no.

"Q. You knew that his prediction to you about your getting all right in six weeks hadn't panned out? A. Yes, sir.

"Q. And you knew, so far as that statement was concerned, that he had been mistaken, didn't you? A. Yes, sir."

This case was submitted to the jury on special issues. Judgment was entered for defendant. Certain defensive issues were answered favorably, which plaintiff claims were contradictory of other findings, and that a mistrial should have been declared. We are not impressed with the correctness of this view, but find it unnecessary to lengthen this opinion by a discussion and decision of it, as in our opinion no other judgment than one for the defendant could have been properly rendered under the evidence, some of which is set out above.

It has been suggested by plaintiff's counsel that, since the Industrial Accident Board made inquiry into and found that good cause existed for failure to file claim within six months, such question has been foreclosed, and that this finding of the board is binding upon the courts. It has been decided otherwise. Watts et al. v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 264 S. W. 186. See, also, collation of authorities, in 78 A. L. R. page 1281. The findings of the board could not be given such res judicata effect, for by the express provisions of the Workmen's Compensation Law an appeal is given to the courts which "shall * * * determine the issues in such cause instead of the Board upon trial de novo." Article 8307, § 5, as amended (Vernon's Ann. Civ. St. art. 8307, § 5). This provision is plain, but would be meaningless and the procedure provided an idle ceremony if the courts could do no more than merely confirm what had already been done and found by the Industrial Accident Board.

Article 8307, § 4a, R. S., requires the filing of a claim for injury "within six months after the occurrence of same," and provides further "for good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board." This requirement is jurisdictional. Without proof of such filing within the statutory period of six months or showing of good cause for failure to file, the courts have no jurisdiction of the case. Morgan v. Petroleum Casualty Company (Tex. Civ. App.) 40 S.W.(2d) 205, and authorities there collated. See, also, 78 A. L. R. page 1239.

Fraud will only prevent the running of the statute of limitation until it is discovered or

until by the use of reasonable diligence it might have been discovered. Kuhlman v. Baker, 50 Tex. 630; Bass v. James, 83 Tex. 110, 18 S. W. 336; First State Bank v. Visart (Tex. Civ. App.) 259 S. W. 987. It is not sufficient that a claimant for compensation show good cause for failing to file his claim within the statutory period of six months after the injury. Such good cause must be shown to continue up to the time of its actual filing. Holloway v. Texas Indemnity Ins. Co. (Tex. Com. App.) 40 S.W.(2d) 75; Ocean Accident & Guar. Corpn., Ltd. v. Pruitt et al., 58 S.W. (2d) 41, by Supreme Court Commission, opinion not yet published [in State Report].

Assuming that the fraud alleged and proven was sufficient to excuse plaintiff herein from filing his claim with the board for six months after his injury, we think the evidence is entirely insufficient to show that such "good cause" continued up until September, 1931. During this period of approximately eighteen months, it was shown conclusively that plaintiff knew his condition. During all this time the alleged agents of defendant did not treat or talk to plaintiff. Instead, he was under the advice and care of a physician of his own choosing and who told him that he could not tell whether his injuries were permanent or not.

It is our opinion that the trial court correctly entered judgment for defendant.

Affirmed.