### TEXAS EMPLOYERS' INS. ASS'N v. SITCHLER.

### No. 12982.

Court of Civil Appeals of Texas. Fort Worth.

May 4, 1934.

Rehearing Denied Sept. 28, 1934.

Todd & Crowley and T. D. Starnes, Jr., all of Fort Worth, for appellant.

McLean, Scott & Sayers and Glover C. Johnson, all of Fort Worth, for appellee.

POWER, Justice.

This is a compensation case. The original petition was filed on October 24, 1932. It was alleged that appellee, C. O. Sitchler, was injured on August 3, 1930, while working in the course of his employment by the Bowdry-McKinley Iron Works, which company was a subscriber to the Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.) and was insured under a policy held by appellant, Texas Employers' Insurance Association. Appellee did not give notice of his injury until June 6, 1932. Judgment was rendered for appellee, C. O. Sitchler, and appellant appeals.

■ Appellant complains of the submission of the following special issues:

"What, if anything, do you find from a preponderance of the evidence was the average daily wage of the plaintiff, C. O. Sitchler, the whole of one year immediately preceding August 3, 1930?"

The specific objection to said issue is that it is not supported by the evidence. The testimony shows that appellee furnished two trucks which were used in hauling products from the Bowdry-McKinley Iron Works; that the basis of his pay was 5 cents per 100 pounds for delivery made in Fort Worth and freight rates out of Fort Worth; that appellee had been delivering for the Bowdry-McKinley Iron Works for about four years; that he was paid at the end of each week about $60 for the use of himself and one truck and about $40 a week for the use of another truck and an additional man to drive the truck. The evidence showed that these trucks were owned by C. O. Sitchler; that he bought the gasoline for them as well as the oil and paid the repair bills on them when necessary; that he used them for hauling Bowdry-McKinley Iron Works products; that he paid the salary of the man who drove the second truck and that such salary was $3 per day.

It is urged by appellant that such facts cannot be the basis for a determination of the average daily wage of C. O. Sitchler. It appears to the court that such evidence leaves the jury to speculate on what would be the average daily pay of appellee. There was no effort to show the average daily or weekly expenses of operating the trucks, such as the cost of oil, gasoline, and necessary repairs, or the ordinary wear and tear on the equipment, or what would be a reasonable profit on his investment. The question of average wage was an important issue to be determined and the jury was without a guide in making the deduction from the total of $100 a week received by Sitchler and left to speculate and guess what should be or were the proper deductions to make from the specific $100 received, and without such proof it appears to the court that a finding by the jury on this issue is so uncertain that the judgment should not be sustained.

Appellant further urges objection to the following special issue:

"Do you find from a preponderance of the evidence that the plaintiff, C. O. Sitchler, had good cause for not filing his claim with the Industrial Accident Board of Texas for the injuries, if any, complained of, until January 1, 1932?"

In this connection it was shown that the claim was filed with the Industrial Accident Board on June 11, 1932.

■■ Section 4a, part 2, of the Workmen's Compensation Law (Vernon's Ann. Civ. St. art. 8307, § 4a) reads as follows:

"Unless the association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same; or, in case of death of the employee or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity. For good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board."

This statute provides for two definite excuses for not filing a claim for compensation within six months after the occurrence of the injury. The first excuse must be for "good cause" shown, and the second "in the event of his physical or mental incapacity." Under the first excuse, the good cause must exist until the date of filing such claim—in this instance, June 11, 1932. See Durham v. Texas Indemnity Ins. Co. (Tex. Civ. App.) 60 S.W.(2d) 255; Holloway v. Texas Indemnity Ins. Co. (Tex. Com. App.) 40 S.W.(2d) 75. Under the second excuse, however, such notice may be filed within six months after such incapacity shall have ceased. Norwich Union Indemnity Co. v. Wilson (Tex. Civ. App.) 17 S.W.(2d) 68.

■ Appellee pleaded the second excuse—that of incapacity. The special issue was submitted as though he had pleaded the first excuse, that is, good cause. Appellee admits that the submission of this issue was an awkward submission but contends that the evidence was sufficient for the court to find, as a matter of law, that appellee was incapacitated and that consequently the submission of this issue as to good cause was surplusage and immaterial. To this the court cannot agree. The evidence showed that appellee was injured on August 3, 1930. It does not show that he was confined to his bed and home or hospital all of this time prior to January, 1932. The evidence shows further that at times he was up and that there was a period of fourteen months at one time during

which he was not attended by a physician; and while the evidence would be sufficient for a finding by the jury to the effect that he was incapacitated, yet such evidence is not definite to the extent that the court would be justified in finding as a matter of law that he was incapacitated to that extent, either physically or mentally, as to prevent the giving of such notice.

Appellee further contends that the finding of the jury as to good cause was equivalent to a finding that he was mentally and physically incapacitated as pleaded. To this, this court cannot agree. The statute provides for two definite excuses; the one for good cause must show that the good cause existed until the notice is filed; the one for physical or mental incapacity permits the filing at any time during a six-month period after the mental or physical incapacity shall have ended. The provisions of the statute contained in the one article are definitely and separately treated.

Other assignments of error have been considered and overruled.

For the reasons stated, the cause is reversed and remanded.