**BEASLEY et ux. v. EQUITABLE SECURITIES CO. et al.**

**No. 3707.**

Court of Civil Appeals of Texas. El Paso.

July 14, 1938.

D. D. Bird and Bird & Bird, all of Dallas, for appellants.

Brown & Hamlin, Cedric G. Hamlin, and W. M. Fouraker, all of Dallas, for appellees.

HIGGINS, Justice (after stating the case as above).

In May, 1922, Jones, in writing, agreed to convey to defendants Lots One and Two, in said Block D, for the consideration of $1,050, of which amount $10 was paid in cash and the balance was to be paid in monthly installments of $16 each. It does not appear this instrument was filed for record. By deed dated June 16, 1933, recorded November 28, 1933, Jones conveyed said Lot Two to the defendants for $650 cash and their note for $400 secured by vendor's lien on the lot. The payment of the note was further secured by a deed of trust of that date executed by the Beasleys. The note and liens were acquired by the Securities Company. Later the property was sold by the trustee under power conferred by the deed of trust and conveyed to the Securities Company.

According to the testimony of Louis Beasley, Jones, in 1931, solicited Beasley to release his claim to Lot One, in consideration of which Jones agreed to deed to the Beasleys Lot Two. It seems

to be the theory of appellants that their understanding was that Jones was to convey Lot Two to them unconditionally, but their evidence does not so show. As we construe the evidence it simply shows Jones agreed to give the Beasleys a deed to Lot Two, and this he did. But conceding it was agreed between Jones and the Beasleys that Jones was to convey the lot unconditionally to them free of incumbrance, and that he perpetrated a fraud in giving them a deed reserving a lien and deed of trust for unpaid purchase money amounting to $400, nevertheless the judgment should be affirmed because it appears the Securities Company acquired the notes and lien without notice, in good faith and for value. There is nothing to impeach the bona fides of the Securities Company in acquiring the same.

The cross action against Jones was barred by the two-year statute of limitation. Vernon's Ann.Civ.St. art. 5526. Bass v. James, 83 Tex. 110, 18 S.W. 336. The fraud, if any, practiced by Jones was committed when he gave the deed of June 16, 1933, and appellants' cross action was filed more than two years thereafter. There is nothing to toll the operation of the statute of limitation. It appears that shortly after the execution and delivery of the deed Beasley was advised of its contents and later filed the same for record on November 28, 1933. He admits that after receiving the deed he made several payments upon the note to the Securities Company.

Upon the record here presented the verdict was properly instructed and the judgment should be affirmed. It is so ordered.