## HIDALGO COUNTY BANK & TRUST CO.
## v. GOODWIN.

### No. 10668.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 31, 1940.

Rehearings Denied Feb. 28, 1940.

James H. Anderson and Fred E. Bennett, both of Mercedes, and B. D. Kimbrough, of McAllen, for appellant.

P. G. Greenwood, of Harlingen, for appellee.

MURRAY, Justice.

This suit was instituted in the District Court of Hidalgo County, 92nd Judicial District, by Helen Barton Goodwin against Hidalgo County Bank & Trust Company, seeking the cancellation and rescission for alleged fraudulent misrepresentations and nondisclosure of the true facts, growing out of the alleged lending of Mrs. Goodwin's money by said Bank, acting through its president, N. P. Barton.

The trial began as a trial to a jury but at the close of the evidence, both parties having made motions for instructed verdict, the trial court overruled the one made by the Bank and granted the one made by Mrs. Goodwin. Judgment was rendered and entered, in keeping with such instructed verdict, in favor of Mrs. Goodwin and against the defendant, Hidalgo County Bank and Trust Company, rescinding and cancelling two loans, one made to Frank Dawson and the other to Ernest G. H. Schrank, each loan being for the sum of $4,000, giving Mrs. Goodwin judgment for the original funds loaned, together with interest at the rate of 6%, and decreeing to the Bank the property securing the loans.

From this judgment the Hidalgo County Bank and Trust Company has prosecuted this appeal.

It is a familiar rule of law that in appeals from judgments based upon instructed verdicts the court is required to disregard evidence on behalf of the successful party and to look only to evidence adduced on behalf of the unsuccessful party, to determine the sufficiency of the evidence to take the case to the jury. Alexander Co. v. First Nat. Bank of LaGrange, Tex. Civ.App., 119 S.W.2d 718. Neither is this rule abrogated by the fact that both of the parties at the close of the evidence made motions for instructed verdicts. Alexander Co. v. First National Bank of LaGrange, supra.

We are of the opinion that appellee, Mrs. Goodwin, did not establish her cause by the undisputed evidence, but, on the contrary, the evidence was conflicting and the cause should have been submitted to the jury.

It will be borne in mind that this is a suit against the Bank and it alone, neither N. P. Barton nor his estate was made a party, yet the evidence leaves considerable doubt as to whether or not N. P. Barton was acting individually or for the Bank when he negotiated the loans complained of by appellee. The record shows that Mrs. Goodwin, at the time the loans were made, was a resident of England. W. A. McNeil, a former president of the Bank, had made loans for her, not as a representative of the Bank but as her individual agent. McNeil was Mrs. Goodwin's step-father. After McNeil's death N. P. Barton became president of the appellant Bank and continued to make loans for Mrs. Goodwin in the same manner they had theretofore been made by McNeil, except that the notes and mortgages were taken in the name of the Bank and then transferred to appellee, in order to make it difficult for some tax assessor to find and assess Mrs. Goodwin's property. Mrs. Goodwin had about $16,000 in a checking account at the Bank, on which it paid her 6% interest, computed on average daily balances. When a loan was made the money would be withdrawn from this account upon a check signed, "Helen Barton Goodwin by N. P. Barton." N. P. Barton was also related to Mrs. Goodwin, being her first cousin.

N. P. Barton's authority, or the Bank's authority, as the case may be, was derived from an acceptance of a proposition made in the following language, contained in a letter written upon the stationery of the Bank addressed to "Dear Helen," subscribed in type by the scrivener, "Sincerely yours, N. P. Barton," and in handwriting, "Norwood," to-wit: "Going a little further into your business, would like to know if you would care for us to reinvest some of your funds at a satisfactory return, not less than 8%. Please advise on this point when returning the papers, so that we can

be on the lookout for something that would be suitable and safe."

This inquiry was evidently answered in the affirmative. It will be noted that the letter is not signed officially as a letter of the Bank, and at best leaves it in doubt whether Barton is to act as her agent or trustee, individually, or whether the Bank is to do so.

■ ■ It is clear that Mrs. Goodwin, having deposited her money in the Bank, not as a special deposit but as a general deposit subject to her check, receiving 6% interest on her daily balance with the Bank, lost both the equitable and legal title to her money, and established thereby between herself and the Bank the relation of debtor and creditor for the amount of her deposit. The money could not become a trust fund and a deposit at one and the same time. A trust fund exists where the equitable title of the funds is in the owner and the legal title in the trustee. Where money is deposited in a bank subject to the check of the depositor, both the legal and equitable title of the money passes to the bank and the relation of debtor and creditor is established between the depositor of the money and the bank. Therefore, the fact that Mrs. Goodwin's money was on deposit with the Bank refutes rather than established the relation of trustee and cestui que trust. 6 Tex.Jur. p. 225, §§ 95 et seq.; Rose v. First State Bank, Tex.Civ.App., 38 S.W.2d 863; City Nat. Bank v. Gustavus, 130 Tex. 83, 106 S.W.2d 262; Smith v. Burns, Tex.Civ.App., 107 S.W.2d 397; Tyler County State Bank v. Rhodes, Tex.Civ. App., 256 S.W. 947.

■ ■ The burden of proof was upon appellee to establish the existence of the alleged trust between the Bank and herself and the evidence was not so conclusive upon this question as to authorize the court to determine this matter, as a question of law, but should have submitted the issue to the jury.

■ We conclude that the fact the evidence shows the notes and deeds of trust involved herein were taken in the name of the Bank for the purpose of assisting appellee in avoiding a property tax, was only incidental to the main transaction and would not render the entire transaction an illegal one. However, it does tend to refute the idea that the notes and mortgages were taken in the name of the Bank because, as contended by appellee, the Bank was the real trustee.

■ The record shows that the loans complained of herein were made in 1928, and that some of the alleged fraudulent conduct was discovered, or at least brought to the attention of appellee, more than four years before she instituted this suit. By granting her motion for an instructed verdict it is clear that the trial court determined all questions of limitation as a matter of law. It seems that the trial judge applied the rule that limitation does not start to run until the trust has been repudiated in suits brought to enforce a trust or to recover trust funds or property held in trust. The suit at bar is not such a suit, it is rather one to recover damages for a breach of trust. N. P. Barton or the Bank, as the case may be, had full power to make loans without first securing Mrs. Goodwin's approval of the loan. His letters were simply reports of what had been done, rather than a request for authority to make such loans. Under such circumstances the cause of action accrues when the wrongful act or acts are committed, and limitation would commence to run from the time the breach of trust was discovered or would have been discovered by the use of ordinary diligence. Kennedy v. Briere, 45 Tex. 305; Powers v. Schubert, Tex.Civ.App., 220 S.W. 120.

■ Appellee alleges that appellant was negligent in failing to keep the property insured against storm damage, and in failing to advise her as to the nature and extent of the storm damage to the property securing the Schrank loan. There is evidence tending to show that these matters were discovered long before she filed suit. This certainly raised a question of limitation which should have been submitted to the jury. Arts. 5526 and 5529, R.C.S.1925; 42 Tex.Jur. 746, § 127; Bass v. James, 83 Tex. 110, 18 S.W. 336; O'Conner v. Koch, 9 Tex.Civ.App. 586, 29 S.W. 400; Citizens' National Bank v. Good Roads Gravel Co., Tex.Civ.App., 236 S.W. 153; First State Bank v. Visart, Tex.Civ.App., 259 S.W. 987; Kennedy v. Briere, supra; Kennedy v. Baker, 59 Tex. 150; Sam v. Ludtke, Tex. Civ.App., 203 S.W. 98; Dean v. Dean, Tex. Civ.App., 214 S.W. 505; Powers v. Schubert, Tex.Civ.App., 220 S.W. 120; McDonald v. Ayres, Tex.Civ.App., 269 S.W. 1105; Ray v. Barrington, Tex.Civ.App., 297 S.W. 781; Wood v. Carpenter, 101 U.S. 135, 25 L.Ed. 807; Al Parker Securities Co. v.

Owen, Tex.Com.App., 1 S.W.2d 271; Costley v. Gracy, Tex.Civ.App., 52 S.W.2d 920; Ebberts v. McLean, Tex.Civ.App., 68 S.W. 2d 1077, affirmed, 128 Tex. 573, 98 S.W.2d 352; Atkins v. Dodds, Tex.Civ.App., 121 S.W.2d 1010.

The judgment is reversed and the cause remanded.